|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>Rick Pepsny, Esq. (RP-8958)<br>**LAROCCA HORNIK GREENBERG KITTREDGE CARLIN & McPARTLAND LLP**<br>475 County Road 520<br>Marlboro, NJ 07746<br>(212) 536-3529 x334<br>rpepsny@privatelenderlaw.com<br>Attorneys for SSA NE Assets, LLC | Case No.: 24-11112-RG<br><br>Judge: Rosemary Gambardella<br><br>Chapter: 13 |
| In Re:<br><br>    NAYANA R. DESAI | |

## SECURED CREDITOR SSA NE ASSETS, LLC CERTIFICATION IN OPPOSITION TO DEBTOR'S MOTION TO VACATE DISMISSAL AND REINSTATE CHAPTER 13 CASE

I, Rick Pepsny, Esq., with the law firm of LaRocca, Hornik, Greenberg, Kittridge, Carlin & McPartland, LLP, attorneys for the secured creditor SSA NE Assets, LLC, by way of objection to the Debtor's Motion to Vacate Dismissal of Case, respectfully objects as follows:

1. This is the second bankruptcy filing this debtor has caused to be filed during the course of the secured creditor's state court foreclosure proceeding pending in the Superior Court of New Jersey bearing Docket No. F-013353-22, the object of which is to foreclose a mortgage held by the secured creditor upon the real property located at 566-568 Hawthorne Ave., Newark, NJ, which

property is owned by Neelam Inc., an entity that is wholly owned by the instant debtor.

2. The first bankruptcy case was filed by Neelam Inc. as a Chapter 11 Subchapter V case bearing Case No. 21-18842-SLM. That case was dismissed prior to confirmation and an Order for Judgment for Contempt was entered against that debtor on June 20, 2023.

3. The instant case was filed by the debtor, Nayana R. Desai, who is a personal guarantor upon the obligation held by the secured creditor, however, the within debtor does not own the subject real estate and is not a party to the Note or Mortgage securing the said obligation. Consequently, the within debtor does not appear to be a qualifying debtor within the meaning of 11 U.S.C. § 109(e), the Chapter 13 codebtor stay afforded by 11 U.S.C. §1301 does not apply, and therefore this debtor has no ability to propose a Chapter 13 plan to satisfy the obligation owed to the secured creditor.

4. Moreover, as the Chapter 13 Standing Trustee has already pointed out in her opposition to the debtor's within application, the debtor has failed to make monthly plan payments and is at least $42,000 in arrears on such payments, has failed to appear at the scheduled 341 examination, and has failed to appear at confirmation resulting in the within case being dismissed.

5. For the foregoing reasons, and any others the Court deems appropriate, it is respectfully submitted that the debtor's Motion to Vacate Dismissal should be denied.

6. I certify under penalty of perjury that the above is true.

                                        LAROCCA HORNIK GREENBERG
                                        KITTREDGE CARLIN & McPARTLAND LLP
                                        Attorneys for Plaintiff


                                        By: */s/ Rick Pepsny*
Dated:  July 15, 2024                        Rick Pepsny, Esq.